I agree with the majority regarding the disposition of the first assignment of error, but disagree with the analysis. I believe a trial court does have the ability to retain jurisdiction over spousal support even when none was granted at the time of the divorce. However, I do not believe that the case sub judice is an appropriate case in which to do so. There will be cases wherein one or both of the parties have medical conditions that, based on the evidence, are likely to result in impaired income producing ability, and the timetable for that likely impairment is not long after the divorce. Not long after the divorce would be relative to the length of the marriage. There may be financial situations that also would warrant a trial court's retention of jurisdiction to set spousal support at some future date. One of these situations would occur if a party would go bankrupt and discharge a debt that the trial court ordered that party to be responsible for, resulting in the non-bankrupting party having to pay off the creditor.
In conclusion, I find that a trial court has the authority to maintain jurisdiction to set spousal support after the date of the decree in certain circumstances, but the case sub judice does not present those circumstances. Therefore, I would find that the trial court abused its discretion in maintaining jurisdiction to set spousal support subsequent to the date of the decree based on the evidence in the case sub judice.